# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:12CR00034-003 |
| v. | ) | **OPINION** |
| | ) | |
| **TIMOTHY ELROY DOSS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Timothy Elroy Doss is currently serving a sentence for conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846 and § 841(b)(1)(B). He now moves this court to reduce his sentence pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("USSG") and 18 U.S.C. § 3582. Because Doss was sentenced pursuant to the Career Offender guideline, which was not affected by Amendment 782, I must deny the motion.[1]

At Doss's sentencing on January 7, 2013, I adopted the guideline scoring calculated by the probation officer in Doss's Presentence Investigation Report. Doss qualified as a Career Offender due to his prior felony convictions, which, with downward adjustments for acceptance of responsibility, yielded a Total

---

[1] The government chose not to file a response to Doss's motion.

Offense Level of 31. With a Criminal History Category of VI, as required by the Career Offender guideline, Doss's guideline range was 188 to 235 months imprisonment. Had Doss not been determined to have been a Career Offender, his Total Offense Level would have been 26, with a Criminal History Category of IV, resulting in a sentencing range of 92 to 115 months.[2]

In sentencing Doss, I varied below the guideline range and imposed a sentence of 120 months. In my statement of the reasons for this sentence, I found that Doss's scored criminal history, including his Career Offender status, overrepresented his "actual criminal history," thus justifying the variance. (Tr. 2, ECF No. 220.)

Doss now moves for a sentence reduction pursuant to Amendment 782. Doss contends that, despite the court's finding at sentencing that he was a Career Offender, the court's downward variance permits the court to grant a reduction.

Before granting a sentence reduction pursuant to a guidelines amendment, the court must engage in a two-step inquiry: (1) determine the scope of reduction authorized by § 3582(c)(2) and § 1B1.10, and (2) determine whether a reduction is warranted in light of the factors listed in § 3582(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010). Currently at issue is the first prong of the analysis — whether Doss is eligible for a reduction. Under 18 U.S.C. § 3582(c)(2), a court

---

[2] Aside from the guideline calculations, Doss was subject to a statutory mandatory sentence of not less than 60 months.
-2-

may grant a motion for a sentence reduction for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Doss cites the Fourth Circuit's holding in *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), that a defendant who was designated a Career Offender, but received a downward departure to within the drug guidelines, was eligible for a sentence reduction.[3] *Id.* at 194-95. *Munn*'s holding was short lived, however, as the Sentencing Commission clarified soon after that, for purposes of a sentence reduction, the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category . . . *which is determined before consideration of any departure provision in the Guidelines Manual or any variance*." USSG App. C, Amend. 759 (2014) (internal quotation marks omitted

---

[3] Doss further contends that, under the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011), the court is permitted in § 3582(c)(2) proceedings "to revisit a prior sentence to whatever extent the sentence range in question was a relevant part of the analytic framework the judge used to determine the sentence." *Id.* at 2692-93. The Court's reasoning in *Freeman*, however, was in the context of holding that defendants sentenced pursuant to binding plea agreements are eligible for relief under § 3582(c)(2). *Id.* at 2692. The Court confirmed that § 1B1.10 "instructs the district court in modifying a sentence to substitute only the retroactive amendment and then leave all original Guidelines determinations in place." *Id.* Further, the Court has held that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding," but instead "giv[es] courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon*, 560 U.S. at 825.

and emphasis added). Thus, Doss's "applicable guideline range is based on the career offender provision and is unaffected by a subsequent departure." *United States v. Quarles*, 889 F. Supp. 2d 783, 788 (E.D. Va. 2012), *aff'd*, 521 F. App'x 192 (4th Cir. 2013) (unpublished).

Even if *Munn*'s holding had not been superseded, the facts of that case are materially distinguishable. In *Munn*, the defendant was found to be a Career Offender, but the court determined it appropriate to grant an overrepresentation downward departure authorized under USSG § 4A1.3(b)(1) to a sentence within within the drug guideline range. The court then further departed based upon the government's motion under USSG § 5K1.1 because of the defendant's substantial assistance to authorities. 595 F.3d at 185. By contrast, I granted a variance outside the guidelines in Doss's case, and his sentence was not based on the drug guideline range but was instead a "non-guidelines" sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 363 (4th Cir. 2011) (stating that a variance sentence is a "non-guideline sentence" (internal quotation marks and citation omitted)); *Quarles*, 889 F. Supp. 2d at 786 ("A sentence imposed pursuant to a variance is, by definition, a sentence outside the applicable guideline range."). Thus, Doss's sentence was not based on the drug guidelines in any event.

Further, Doss contends that he qualifies for a sentence reduction "comparably less" than the minimum of the guidelines range pursuant to USSG

§ 1B1.10(b)(2)(B), because he substantially assisted the government's investigation and prosecution of offenses, including his own. The plain language of § 1B1.10(b)(2)(B), however, limits sentence reductions to those who have received a government motion for substantial assistance, a circumstance which is not present in this case. Therefore, the court has no authority to reduce Doss's sentence.

Because Doss was sentenced pursuant to the Career Offender guidelines, he is not eligible for a sentence reduction. A separate order will be entered herewith denying the Motion to Reduce Sentence Pursuant to Amendment 782.

DATED: August 20, 2015

/s/ James P. Jones
United States District Judge